# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: P.A.**

**No. 14-0440** (Greenbrier County 13-JA-28)

**FILED**

November 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, appearing *pro se*, appeals the Circuit Court of Greenbrier County's April 14, 2014, order terminating his parental rights to his six-year-old son, P.A. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The child's guardian ad litem, Kristopher Faerber, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, Petitioner Father alleges that the circuit court erred in terminating his parental rights without affording him proper notice of the underlying proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, the DHHR received a referral that the child's mother was operating a clandestine methamphetamine lab in the home and alleged that Petitioner Father's parental rights to P.A. were terminated in the State of Maryland. That same month, Petitioner Father waived his right to a preliminary hearing. In September of 2013, the DHHR filed an amended abuse and neglect petition alleging that Petitioner Father sexually abused his P.A.

In February of 2014, the circuit court held an adjudicatory hearing. Petitioner Father failed to attend, but he was represented by appointed counsel. The circuit court heard testimony that Petitioner Father grabbed the child "by his foot . . . and threw him at [his mother]" during an argument. The child's mother testified that Petitioner Father "licked and sucked on [the child's] penis" and that Petitioner Father stated that "it was his son" and "he [could] do what he want[ed] to do." After considering this testimony, the circuit court found that Petitioner Father was an abusive and neglectful parent.

In March of 2014, the circuit court held a dispositional hearing. Ultimately, the circuit court terminated Petitioner Father's parental rights after concluding that it was in the child's best

1

interest and that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected because he absented himself from the underlying proceedings. It is from this order that Petitioner Father now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds that the circuit court did not error in terminating Petitioner Father's parental rights to P.A. Although, Petitioner Father argues that his due process rights were violated because he was not provided notice of the hearings, the Court finds no error. Petitioner Father admitted that he received notice of one hearing but mentions he was unable to arrange transportation to the hearing.[1] The record also reflects that Petitioner Father was served with the petition for abuse and neglect at his last known address and that on September 24, 2013, he signed a return receipt acknowledging service and notice of the hearing that was scheduled on February 5, 2014. Further, the evidence indicates that Petitioner Father stopped communicating with his attorney in September of 2013, though his attorney continued to attend the hearings on his behalf. Based upon this evidence, we find no violation of Petitioner Father's due process rights.

For the foregoing reasons, we affirm.

Affirmed.

---

[1]Petitioner Father fails to identify which hearings he was denied the opportunity to attend.

**ISSUED**:  November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II